The first case on the docket this morning is numbers 120427 and 120433, Carle Foundation and others v. Cunningham Township, taken as agenda number six. Are counsel ready? We're ready, Your Honor. It appears you are. Please proceed. Thank you. May it please the Court, Steve Flom with Amy Doering on behalf of the Carle Foundation. With your permission, what I'd like to do is use my cell phone to count down my time so as not to intrude on Mr. Elitz's time, if that's okay with the Court. You're dividing your time. That's fine. Thank you very much. I think Mr. Elitz may have a large hook, but this will probably work better than that. As always, what I'd like, most like to do this morning is focus on and answer any questions that the Court may have about any of the issues that are before it. But left at my own devices, what I would focus on is really the most important and probably difficult issue that's before us this morning, and that's when is property used exclusively for charitable purposes within the meaning of Article IX, Section 6 of the Constitution. Now, I don't mean to seem presumptuous in skipping over either of the two reasons why Section 1586 of the Property Tax Code is facially constitutional, but our appellate court's ruling, with all due respect, was frankly, was literally unprecedented. The appellate court failed to cite, it's unable to cite, and the township defendants are also unable to cite. I'm going to test whether you're really here to answer our questions. Sure. I have a few. Great. Even before we get into the merits and the constitutionality, how is this a proper 304A finding? Well, under this Court's decision in Marriage of Best, we have a Section 304, excuse me, Rule 304A, of course, allows appeals when it's a finding of no just reason to delay immediate enforcement or appeal of the decision of any claim, any or all of the claims. We have a separate cause of action in this case for declaratory relief. Pursuant to Section 2-701 of the Code of Civil Procedure, the Declaratory Judgment Act, it allows, in particular, it allows causes of action to construe a statute. That's exactly what the Carl Foundation has asked for, the relief that it's asked for, in Count 2 of its complaint. The summary judgment entered by the circuit court disposes, finally, of Count 2. That decision... Let me stop you there. The question, then, is whether Count 2 raises a claim that is unrelated to and separate from the claims raised in Counts 3 through 34. Well, not completely unrelated to, because, of course, in the Marriage of Best case, the declaratory judgment claim that was decided had to do with the enforceability and validity of the premarital agreement involved in that case, which, of course, had a relationship to the other claims in the case, which were for dissolution of the marriage, the responsibility for attorney's fees, allocation of property, and custody. And the Court's well aware of the Leopondo and the Best decision, but unlike Best, in which a declaration as to the validity and the construction of the party's premarital agreement could be sought independent of and even absent the dissolution proceeding, a determination as to what law governs Counts 3 through 34 could not be sought, apart from or independent of those counts. It's a question that exists, as I look at it, only because of and in relation to those counts. Well, Your Honor, I think we could have brought either as a separate count or even in a separate lawsuit a claim for declaratory relief on behalf of the Carl Foundation seeking a determination that Section 1586 applies to its entitlement to exemptions for the properties and tax years in question. With such a ruling, we would have had the ability, if we chose to avail ourselves of it, to go either of two ways. We could apply, then, to the Department of Revenue administratively for exemptions or do what we've done in this case, that is, avail ourselves of our rights under Section 23-25e of the Property Tax Code to establish our entitlement to exemptions. So, in fact, Section 2 does state a separate claim that could have been brought completely by itself, which is further reason for concluding that it is a proper Rule 304A appeal. Well, let me ask you this. Is this even a proper DEC action, DEC count? Absolutely, because it's specific. It follows Section 207-08 in seeking construction of a statute. All right. Does it speak to, let alone settle, any of the parties' legal rights? It settles their legal rights concerning the applicability of 1586 rather than 1565 to the Carl Foundation's entitlement to exemptions. Does it merely announce the law the trial court will apply when adjudicating those rights? In this case, it would be the trial court. But it does not issue exemptions, much like in the best case, the determination of the enforceability of the marital settlement agreement didn't determine who gets custody, how is the property allocated, or who is responsible for attorney's fees. So it doesn't have to decide everything in the case. It simply has to decide a claim, and it does decide a claim. I know you don't believe it at this point, but I'm about to let you go. Back to the DEC action. Is it being sought before there has been an irrevocable change in the position of the parties? Frankly, I'm not sure. I'm just going through what makes a proper DEC action. Well, certainly it will help guide both the Foundation as well as the ultimate decision maker as to the issuance of exemptions in the case. These are significant procedural issues, 304A and whether it's a proper DEC action. Do you agree? Justice, I agree. Justice Thomas, jurisdiction is always important. And, of course, the parties, even while some of us agree or some of us disagree with whether or not there's jurisdiction under 304A, we all are very hopeful, and I suspect that everyone in this courtroom involved in this case is hopeful, that the court will address the merits either under Rule 304A, which we believe obviously there is jurisdiction, or at a minimum by exercising the court's supervisory authority. So we all agree on that. We're hopeful that the court will bring clarity to an area of the law that, as the General Assembly emphasized in Section 1586A5, had been lacking in clarity. And, again, as I promised, I'm going to let you go. But I think with respect to the supervisory authority, and I'm hoping that in part of your presentation we'll be hearing whether or not that this should be applied retroactively in this particular case, since it was 2012, right? And when we have a substantive change, the legislature has to indicate whether or not it should be applied retroactively. And in this case they gave us three examples, I believe, of when it should be applied retroactively. So if it fits into one of those examples, let me know. Okay. All right. Thank you. So I do want to try to focus in my remaining five minutes and 21 seconds on the constitutional test. Let me just very briefly say something about the threshold constitutional issues. Give him another 30 seconds. Okay. I'll take it. Thank you. What the appellate court did is inconsistent with more than 90 years of precedent. When we interpret property tax exemption statutes, we interpret them to be merely descriptive and illustrative of the circumstances in which exemptions are permitted, but always, always subject to the Constitution. More than 90 years, every case has said that. It would also, to affirm the appellate court's decision, would also require ignoring the express legislative intent contained in Section 1586A.5, where the General Assembly made it clear that they were just creating a new ownership category, replacing the ownership of institutions of public charity in Section 1565A. The General Assembly knew exactly what it was doing.  They borrowed language, talking about we're not ipso facto determining the exemptions. That language echoes the Eden case, which acknowledges that ultimately it's for the courts to decide the question of constitutional use. So the General Assembly was well aware of this court's precedent. It carefully crafted 1586 to fit within it, and there's not a single case that either the court or the township defendants have cited or can cite that strike down a property tax exemption statute. The appellate court's decision also, well, to affirm it, would require abruptly and needlessly abandoning this court's settled jurisprudence concerning the no set of circumstances test. You know, if there's any set of circumstances that can be imagined where the statute can be validly applied, it's constitutional. The county defendants are asking the court to change the test, and we submit there's no basis for changing a test that is settled and has been settled for years. So I don't mean to suggest that any issues that ever come before this court are easy, but frankly the facial constitutionality of 1586 is about as easy as they come. I want to ask you a question. I believe your argument is the new legislation creates a definition for what is a charitable institution, and I think your argument is, of course, the legislature was aware of the constitutional requirements of charitable use, and so we have to look at both. It's a two-step process. First, the hospital has to show it meets the statutory test, then the hospital has to meet the constitutional test. That's correct. Can you give us some idea how that would work? So, for example, the statute talks about how in the world of modern hospitals, their work is beyond the walls, I guess the expression, and so therefore taking into consideration whether or not they're a charitable institution is the work they do in the community, outreach, education, that kind of thing. And yet the other part of the test is, the constitutional test, is whether or not the property to be, the argument should be exempt, is exclusively used for a charitable purpose. So on one hand you have charitable purposes beyond the walls of the hospital, and then the constitutional test is very much place-oriented as the property. How could those two ideas possibly work together? Well, as a practical matter, there's really no problem at all, because for the first part we will introduce evidence that basically follows the statutory criteria for what are charitable uses, which includes charity care, you know, at the hospital, measured at cost. In the case of Carle Foundation, this is really easy because the charity care, if my memory is right, it's like $15.7 million in 2012, more than three times the amount of the estimated property tax. So it's really a very simple matter to show the activities on the property that satisfy the constitutional criteria, or excuse me, the statutory criteria. And as for the Constitution, the key factor that bears on showing exclusive use of property, charitable use of property within the meaning of the Constitution, is that the facility is made available to all who need it, regardless of ability to pay. And once you demonstrate that, you necessarily satisfy another of the factors that is applicable, the Korsen factors, that is the factors announced by this court in Methodist Old People's Home v. Korsen, and that is that charity is provided to an indefinite number of people, and that there are no obstacles were placed in the way of their ability to get that. So all of that evidence goes in. It certainly doesn't conflict with one another. It builds on itself. And by doing that, we establish entitlement under both the statute and the Constitution. So the statutory criteria are very straightforward, and they were intended to be straightforward and almost mechanical or mathematical. And then the constitutional criteria, we submit, are equally straightforward. I've now used up more than 12 minutes and 30 seconds. Do I have any more time, or should I cede to Mr. Ehlitz? I think you should yield. Okay, I will do that. Thank you. Good morning, Your Honors. May it please the Court. I'm Assistant Attorney General Carl Ehlitz for the Department of Revenue. I plan to stand on my brief on the Rule 304A question unless the Court has questions. I agree with at least the suggestion of Justice Thomas that the appellate court did not have jurisdiction under Rule 304A, but I'd ask this court to exercise its supervisory authority. This case dates back to 2004. There's a great deal of need for clarity here. And so if the Court is willing, I'd ask the Court to address the facial validity of the statute and to give us an indication as to how the lower courts and how the Department of Revenue should be applying Section 1586. Mr. Ehlitz, I think there may be an inclination to do that because of the history. There is a case that has been recently decided, I believe, in the First District that is a straight-out deck action. But more important to this case is to get there, I would think there has to be some discussion as to why there would be retroactivity. It's a substantive statutory change. It was 2012. The legislature, when it's substantive, it wouldn't be retroactive, basically, unless the legislature tells us if it is. It does, but it gives us a couple of examples of when it would be retroactive, and this isn't one of them. So could we say, hey, you know, we're going to decide this question because here's the good news, here's the decision, here's the bad news, it doesn't apply to you. What do you have to say to that? I did not argue the retroactivity question in my brief. I did argue it in the appellate court, and I took the position. I believe the county is going to perhaps talk about this question as well, that the statute was not properly applied retroactively. It didn't seem like grounds for filing a PLA, so we didn't rely on that, and I haven't briefed it, but the department did take the position early on that the statute could not be retroactively applied, and I guess I don't have much more to say than that. The department's in a strange position here. There's no money at stake for the department. Our role is to apply this statute, and I'm here just to ask for clarity if the court can see its way to grant us that, and if it can't, we'll have to wait for the next one, and that's frustrating because this is an old case. So turning to the question of the facial validity of Section 1586, I agree with co-counsel, Carl Hospital's counsel, on this question. The statute needs to be read as only a single part of a two-part analysis, and all the cases that this court has issued going back, I think, to 1910, to a case called Sisters of the Third Order make that clear. There has to be a constitutional analysis in addition to the statutory analysis. So if Carl Hospital can meet the statutory test, they would then have to go and reach the constitutional question, and this court's decision in Methodist Old People's Home from the late 1960s sets out what that test is, and this court's more recent decision in Eden confirms that the test is the Korsen test. It's a multi-factor test. It is not a test that has a checklist that you go through. It's a test that is designed to look at all the facts, and in the Korsen analysis, it's my contention that the most important and the ultimate question is whether this property in the tax year has been used for the purpose of making gifts. That's the result that the Korsen factors are trying to get to. Has this property been used for the exclusive primary purpose of making gifts? If the property has been used for making gifts as a primary use and there are no other primary uses, then the exemption should be granted. If not, the exemption should not be granted. Now, the Carl Hospital has suggested that the Korsen factors, be they six factors or seven factors, should be reduced for hospital applicants because really the Korsen factors don't go to use. Some of them go to ownership characteristics of the applicant as opposed to what the applicant does, and it's my contention that we want to have all the facts before we look at whether the property is being used exclusively for charitable purposes, and one of the things that's relevant to the analysis is who owns the property. Now, there's a hypothetical in Carl's brief in the reply brief about a Ronald McDonald house, and the argument goes, well, if a for-profit company like the McDonald's Corporation decides to set up a home for sick children and their families and nothing happens on that property but hospitality to those families, then that's a charitable use, and even though the McDonald's Corporation is a for-profit corporation, they should probably get the exemption, and I agree. The argument is, well, they would fail one of the Korsen factors because one of the things that Korsen asks is what's the capital structure of the applicant, and the McDonald's Corporation is a for-profit corporation, and my response to that would be they would fail one of the elements of the Korsen factors. That wouldn't mean they couldn't have the exemption. It would just mean that one of the things, one of the facts that's analyzed in that application would be something that would go against their application. McDonald's Corporation is not like Sisters of the Third Order. The McDonald's Corporation isn't made up of people who have taken vows of poverty and who have devoted their lives to the care of the sick. Okay. The Sisters of the Third Order, if they were to make the same application, they would have a stronger application, but I would suggest that both applications probably should be granted, and the reason is because in the hypothetical that's postulated, we've got an institution that is doing nothing on the property but making gifts. In this court's decision in Provena, in the appellate court's decision in Provena, we had a hospital applicant that wasn't exclusively making gifts on the property. They were doing all sorts of other things as well, many of them related to business interests and revenue generation, and the managers of the hospital in Provena were not like the nuns in Sisters of the Third Order. That's all something that ought to be considered in making the analysis. We think the circuit court, when it has an application like the one presented by Carl, should look at all the factors. When the department gets an application like the one presented in Carl, all the factors should be looked at, and we think that the Korsen factors represent what this court has said should be used. The language is a bit antiquated, but the test is workable, and we would urge the court to reaffirm Eden, Korsen, and provide that gift-giving is the ultimate test of charitableness, and Korsen is the way we assess gift-giving. I'd like to close, I think, by just saying that in this case we have no facts. It was a deck action. There were no facts developed. We really don't know what Carl Hospital has been doing with the property in 2004 through 2011. We think there needs to be a remand. That question needs to get resolved by the circuit court. We believe the circuit court should apply the statutory test, come to a decision as to whether they meet the statutory requirements, and then turn to the Korsen factors, consider that, make a decision, and away we'll go. So if there are no questions. What would be the posture of this case if we determined that we did not have jurisdiction? If the court, if this court does not have jurisdiction, I would ask the We did not exercise supervisory authority. Well, in that case, the appellate court's decision would be vacated, and we'd go back to the circuit court, and we'd start again. And I'm sorry about that, but that's where that goes. Thank you very much. Thank you.  If I looked up the Ronald McDonald House Corporation, and it's an Illinois not-for-profit corporation, so it would seem that it would qualify. Getting on to the actual present case, in this statute. State your name, please. I'm sorry. Frederick Grosser for City of Urbana-Cunningham Township and the Cunningham Township Assessor. In this statute, section 15-86, subsection A is a preamble. It says what the legislature asserts the purpose of this statute is. That is where it says the purpose of the statute is to create a new category of ownership. The preamble is not a part of the operative part of the statute. It can't create an ambiguity. Maybe it could be considered if there were an ambiguity, but there is not. The statute itself doesn't talk about creating a new category of ownership. It goes into all the details of creating a new kind of exemption, and that exemption it calls the hospital exemption. So we're not talking about just a new kind of ownership, and I don't know how they could create a new kind of ownership in any event. I want to comment just for a moment on the First District Oswald case. In the Oswald case, the First District acknowledged that this statute is missing something in the words. It doesn't say that there's a requirement that they comply with the Constitution. The coarsen factors are, as a practical matter, complying with 1565. That's the charitable exemption that led to the establishment of the coarsen factors, actually an earlier version of it. So they say this is a legislative oversight. It wasn't an oversight. Everybody talks about how careful and how thorough the work was to develop this statute. What the First District proposes is let's just add a whole new section to the statute and say that, well, they still have to comply with 1565. Well, if they have to comply with 1565, 1586 serves no purpose. What it does is it gives them some additional meaningless requirement of showing what their tax bill would be. Now, the Department of Revenue has established how it views this, and this is in the record and I think in the appendix to Carl's brief. P-Tax 300-H is the form that the department developed. This is the form a hospital, the H, the form the hospital fills out. Very short form. You have to put down how much they're spending for the value of their charity care. Now, there's charity care as defined by this statute, and that includes such things as education for doctors and nurses and research. I don't know how that's charity care, but nonetheless, that's what's in the statute. So they put down that amount. They put down their tax amount. It shows how they would calculate it if they don't have an actual assessment. Nowhere does it ask for anything that would allow the department to determine that they meet the requirements of 1565 or the Constitution. In fact, shortly after the statute was enacted, a little more than four years ago, the department granted an exemption under this section to Carl. Carl sought a stay pending appeal so that they could maintain their exemption. As I read the count two of Carl's Fourth Amendment complaint, they're taking the position that all they had to do is comply with 1586 and they are entitled to an exemption. The position now being taken is that they've got to do more than this. They acknowledge they have to do more than this since that was untenable. They have to comply with 1565, but the department's not requiring them to comply with 1565. With respect to the idea of the no set of circumstances test, what they're asking is that we disprove a negative and that cannot be done. And what they're saying is the way you apply this test, and I don't know if I've seen a case where it's actually been applied, if it actually is a test, but they're saying, oh, I can conceive that there is a case. They don't tell us what the case is. They don't describe the case. They can't even show us that it actually exists, just that they can conceive of it. Well, as I think was made clear from the beginning way back in the trial court, as a matter of law, there is no set of circumstances where this can apply because it's beyond the authority of the legislature. It can't create a new kind of exemption. It can't create some special kind of exemption for hospitals. And in the statute it says it's doing this in lieu of any other method. It says a hospital can seek an exemption under this section or it can go back and seek an exemption or maintain an exemption under 1565, the charitable exemption, or if it has an exemption under something else, it could be a religious exemption, such as an order of nuns might be. It can seek an exemption under that. There's no way that the legislature suggests that they have to meet any requirements other than showing that they have spent as much or rather that the value of what is counted as charity care is at least equal to the amount of their tax for the year. That's all I have unless the court has other questions of me. Seeing no questions, thank you. Thank you. May it please the court. I'm Joel Fletcher. I'm here on behalf of the county defendants. I want to start by dealing with issues of jurisdiction. Of course the court has to address those issues first. I agree. I want to echo the comments of Justice Thomas. If this is a final judgment, then Rule 308 is meaningless. Any party can establish a separate cause of action through a deck action, evade all the certification requirements of Rule 308, and guarantee an immediate appeal of any legal issue that governs the rest of the case. But like the Attorney General, I am asking this court to exercise its supervisory authority, and I'm asking it to do so in a limited way. I'm asking the court to address the retroactivity of Section 15-86, and if Section 15-86 is found applicable, to address whether the coarsen factors, all the coarsen factors apply to these exemption claims. Well, if we exercise our supervisory authority, it has no precedential value. Isn't that correct? It would at least give us guidance in this case. We are in a position where the trial court has concluded that Section 15-86 is applicable and concluded that it defines all of the criteria for exemption. We're not even being given discovery on the coarsen factors at this point, and so we're not able to move forward in presenting a record on the applicability of the coarsen factors as we would have to if we wanted to fully litigate our claims. Does that answer the court's question? Your argument. You are aware that there is another case coming through the pipeline? Yes, that would deal with the constitutionality of Section 15-86. I believe that would address whether or not it's facially constitutional, but it still would not address, it may not address whether or not we are, the coarsen factors define all of the constitutional criteria applicable to this exemption issue. It's my understanding from reading the Oswald decision that they did not address in detail whether all of the coarsen factors define the constitutional criteria, and absent that guidance from this court, we're not going to be able to get the discovery we need to move forward with the case. Right, but this court may have the opportunity in short order to take that case that does not have all the procedural problems that everybody seems to be aware of. And I would hope that we would get that guidance soon. At this point, we are here on the record we have, and I would ask that the court address the retroactivity of Section 15-86, which is an issue unique to this case, and also address the applicability of the coarsen factors. And we do have the other issue that I spoke with Mr. Plum about, and that is whether or not it applies retroactively in this case. Yes, Your Honor, and I believe that that is governed by Section 90 of the Cigarette Tax Act. It's quoted in the party's briefs. I have to strain to find a textual argument for retroactivity here. The closest fit, I believe, is under Subsection 2 of that, providing for retroactive applications of all applications filed on or after the effective date. The trial court ruled the term application was broad enough to include a complaint brought in the first instance in the circuit court. There are several textual problems with that argument. The first of which is that it imposes no effective limit on the retroactivity of the statute. There would be no need for Section 90 of the Cigarette Tax Act if any claim could be brought at any time. And the second point, textual problem with that, is that it conflicts with B-6 and B-8 of Section 15-86, which quite clearly limit the exemption application, sorry, the exemption complaint to applications brought pursuant to Section 15-5 and this section, pursuant to the administrative process and this section. So the court is really being asked to ignore the procedural problems, ignore whether it's a 304A, ignore whether it's really a DEC action, ignore the fact that it might not even be retroactive in this instance, and give us all guidance. Your Honor, this case has been going on since 2004. I understand. And we desperately do want to move forward. There are issues that we believe are relevant to Carl Foundation's property tax exemption that we're simply not able to get discovery on given the lower court's rulings. And that's why it's urgent from the county defendant standpoint, and I suspect from the townships as well. Turning back to the retroactivity issue, I think the argument a plaintiff would present as to why this falls within B-6 and B-8 of Section 15-86 is that this is a claim brought pursuant to 23-25E of the property tax code, which requires them to establish an exemption for another year on comparable grounds. The argument, as I understand it, is that that comparable ground year established before the Department, coupled with the complaint in the circuit court, together make this a complaint brought pursuant to Section 15-5 and this section. That argument is directly contradicted by 15-86H, which requires that the property taxpayer provide information in an administrative form for the very year in which the exemption is brought. That is not done under plaintiff's construction of 15-86. Again, if this court does reach the issue of the constitutionality of Section 15-86, I agree with the Department, the county defendants agree with the Department, that the Constitution is an overlay over the statute that's consistent with the long history of how this constitutional provision has been applied in the past. I do argue for a change in the no set of circumstances rule in the event the court rules that the statute would grant the mandatory exemption, but the real heart of the dispute as to the Constitution has to do with what the Constitution requires. The county defendants believe the coarsen factors, all of the coarsen factors, are applicable in deciding whether an exemption is constitutional. Plaintiff seizes on one or two of the coarsen factors and elevates them to the entirety of the standard and severs the constitutional analysis of several of them that are critical in this case, whether or not the institution is supported by donations. Donations are important constitutionally because they signal public support for the institution, they signal that the public views this as an institution that would not survive without charitable donations. They seek to cut off the issue of private benefit. In the Hopedale Foundation, which was issued by this court the very year the 1970 Constitution was adopted, this court emphasized the private benefit is central to whether an exemption is valid. It's central statutorily and it's central under the constitutional standard. And it's particularly important when dealing here with a modern non-profit hospital with its complicated web of for-profit, non-profit relationships. That coarsen factor is being severed from the analysis by plaintiff and it's being severed on a blank record. We're not asking this court to hypothesize about situations such as with the McDonald House where we can imagine a use being valid with an exemption being valid. We're asking the court to give the parties an opportunity to develop the record on that issue. The parties devote an unusual amount of time in their briefs or space in their briefs to the coarsen factor of relieving burdens of government. This is a critical element of the coarsen test and I'd ask this court to reaffirm it. Plaintiff suggests that exemptions are revenue neutral, that ignores the role of tax rates and then also presumes unrealistically that taxing districts are indifferent to the tax rates that are charged to their constituents. Tax exemptions are only revenue neutral if the tax rate is allowed to increase to every other taxpayer in the district when an exemption is granted. First, taxing districts care about whether tax rates are fair to their constituents and second, high tax rates are economically burdensome to taxing districts. The city of Champaign is next door to the city of Urbana. When tax rates go up in the city of Urbana, that hurts the city of Urbana. They have to compete with the city of Champaign for businesses, for residents. That effect is quite real. The long history of recognizing the burden of tax exemptions on units of government simply recognizes that tax exemptions are not revenue neutral if we assume that the tax rate is kept constant for the other tax payers. That's a result that is fair and appropriate. This is a complicated case and it's important obviously to the parties, but I understand that a wide range of issues have been presented to this court. I'd be happy to answer any questions this court has. Thank you for your time. If there are no questions, thank you. Rebuttal. Thank you, Your Honor. I'd like to be very brief. I want to make sure Mr. Flom has an opportunity to get back here. So I'd like to make just I think two quick points. The first, Mr. Grosser suggested that the department's form doesn't take into consideration the coarsen factors. He's right. We need guidance on what our form should say, and that form doesn't do that. And one of the reasons we're asking the court for guidance is because we need to figure that out. There's a moratorium now on property tax exemptions from hospitals. The department is sort of waiting. We can wait until the next case comes along, but we'd ask not to. Also, Mr. Grosser said that Section 1586 would have no purpose if it's interpreted the way we're suggesting, but Section 1586 does resolve the problem that Provena had, which was that the hospital was owned by another entity. Section 1586 does away with that, and that's something we think the General Assembly is totally entitled to do. The General Assembly also can set standards for the property tax exemption, and to the extent that the hospital meets them, it can move on to the second stage. To the extent that it can't meet them, it's out of luck. It has to go back and not get the exemption or apply under 1565. As I said, I want to make sure that Mr. Flom gets back here. So unless there are questions, I'll sit down. Thank you. Thank you. Mr. Flom, compliments of Mr. Elitz. You have some additional time. Thank you, Your Honor. I appreciate that. I appreciate that, Mr. Elitz. I'd like to focus on a couple of issues. The first is the important issue that has been alluded to regarding retroactivity. The outset, it's important to recognize exactly what we mean when we use the word retroactivity in this context. We're talking about the application of 1586 to tax years before Public Act 97-688 was passed in 2012. So it's retroactive in that sense. But it's not retroactive in another sense, in that we're talking about it applying to claims seeking to establish exemptions that were already pending, claims that go back to tax year 2004. So we had pending litigation seeking to establish entitlement to exemptions, seeking, by the way, to restore entitlement to exemptions going back to 2004, because the Carle Foundation, like just about every other not-for-profit hospital in the state, has had property tax exemptions for decades. But we're seeking to restore them going back to 2004, and those claims were already pending. And when you look at the retroactivity section, the guidance that the General Assembly provided in Section 90 of Public Act 97-688 made it clear what they were trying to do was, to the extent that there were existing controversies about entitlement to property tax exemptions, claims that were still alive, they wanted the new law to apply to those, as well as to future claims, new claims that got raised after the effective date of the Act. And so we had existing causes of action going back to tax year 2004. So it's not really retroactive in the sense of this being a new cause of action. It was already pending. I think it's also worth noting that the county defendant's argument concerning this retroactivity issue, which really comes down to, is Section 1586 applicable to the Carle Foundation's claims for tax years 2004 through 2011 for these four properties? Their argument really isn't a retroactive argument at all, because what they're saying is that 1586 never, never applies to causes of action to establish an exemption in these claims brought in court pursuant to Section 23-25E. So that's not retroactivity. They're saying tomorrow we can't file a cause of action for tax year 2016 using Section 1586. And that's their position. Mr. Flom, retroactivity has been provided for, but it says decisions by the Department entered after June 14, 2012. That doesn't apply. Applications for property tax exemption filed after June 12, 2012. That doesn't apply. And applications for property tax exemption that were awaiting a final decision from the Department as of June 12, 2012. I mean, that's what they've provided for as far as retroactive application. Well, it's the third category that's applicable. I think that the actual language is that all applications for property tax exemption, you know, that have either not been decided by the Department for which any such Department decisions are final and appealable. So there are a couple of reasons why that provision in Section 93. Does the Department plan an application for a property tax exemption? It is, Your Honor. And under the property tax code, the General Assembly does use the word application to refer to lawsuits. And that's, of course, true in the Code of Civil Procedure, and it's commonplace in the law. A lawsuit is a type of application. Well, the statute that sets forth the requirements for an application says that, quote, it has to be submitted to the Department. In order to get an exemption under 1586, at some point, there has to be an application submitted to the Department. And the Carle Foundation meets that requirement because we did that for tax year 2012. So, in other words, under Section 23-25e, you have to establish your entitlement to an exemption for a prior or subsequent tax year. Once you do that, you can go into court. Here, the Carle Foundation did submit the application under Section 1586 for tax year 2012. We got that exemption. That gives us the ticket to go to court for tax years 2004 through 2011. I'd also note that we did file administrative applications for 2004 through 2008. Those applications, we withdrew them once we established our right to go to court under 23-25e. And the first Carle Foundation appeal. But the Department purported to deny them. So, as a practical matter, the validity of that decision is being challenged in this case. That brings us directly within the language of 93, in that we have a challenge to decisions by the Department which are not final. So, these issues, which, you know, our brief, frankly, was long enough, and we appreciate being able to use as many words as we did in our lengthy brief, it would have been another 40 pages or so to cover these applicability issues, these statutory interpretation issues in detail. We did do that in our appellate court brief because that was the focus of the proceedings in the appellate court. It was not the constitutionality. That was really kind of an afterthought at best. So, these issues are fully fleshed out in our appellee's brief in the appellate court, but I think I've provided the court with an overview of the reasons why, as a matter of statutory interpretation, Carle Foundation can seek exemptions under 1586. And this court, of course, would have to conclude that we satisfy the statutory criteria to be in court before we reach the constitutional issue. And we believe that the court can and should reach that constitutional issue. The last point that I'd like to make, I've got three minutes, the last point that I'd like to make bears on the cause and factors and why they do not apply in their entirety. You really need to focus on the language of each factor and ask yourself, does this relate to the use of the property? That's what we're talking about under the constitution is the use of the property, as opposed to the nature of the institution. Because the simple fact of the matter is, as Mr. Elitz correctly observed, one does not have to be a charitable institution in order to use property exclusively for charitable purposes. So, it's our basic position this court should not endorse factors that bear on charitable ownership that don't have anything to do with or you don't need to decide that to look at how the property is actually being used. And the department itself really recognizes that. Now, not in this court, but outside of this court, because they use the cause and factors in their entirety to apply to sales tax exemption, charitable sales tax exemptions, exemptions that by definition don't have anything to do with the use of property. So, why would we use factors in their entirety that don't have anything to do with the use of property and apply them in their entirety to the sole question of the exclusive use of property? The appellate court has also recognized that the charitable sales tax exemption issue is decided by the cause and factors. Now, for example, one case is the Windermere Community Foundation case. That was a second district decision authored by Justice Thomas that applied the cause and factors to the charitable sales tax exemption. Another case was the Friends of the Israel Defense Forces case. That was a first district decision authored by Justice Quinn and concurred in by Justice Tice and Justice Grineman. So, the appellate court recognizes that the cause and factors apply to charitable sales tax exemptions. That has to do with the nature of the entity. And this court has noted that the existence of sales tax exemptions doesn't tell us anything about charitable use. We saw that in the Hopedale Community Foundation case. This court has held that, citing cases going back decades. So, the factors that this court relies on in deciding the constitutional question should be focused on is the charity being provided to all who need it, regardless of the ability to pay. And with that, I would ask the court to reverse the appellate court decision, finding the statute unconstitutional, affirm the circuit court's judgment that the statute, Section 1586, applies to Carle Foundation, and remand with instructions for the circuit court to determine whether Carle Foundation is entitled to exemptions under the statutory criteria and by demonstrating that it makes charity available to all, regardless of the ability to pay. Thank you. Thank you. Case numbers 120427 and 120433 will be taken under advisement as agenda number 6. Counselors, I'll thank you for your arguments today. You are excused.